The document below is hereby signed.

Signed: February 21, 2018



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ALLEN WILSON, | ) | Case No. 14-00664 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER DENYING
MOTION FOR CONTEMPT AND TO REOPEN CASE

The debtor, Allen Wilson, died on June 19, 2016. The debtor's son, Jumar Wilson, is the personal representative of the decedent's estate. On February 13, 2018, Jumar Wilson filed a *Motion for Civil Contempt or in the Alternative Motion to Reopen Bankruptcy Case 14-00664* (Dkt. No. 61) ("*Motion*"). The *Motion* seeks to hold Holt Graphic Arts, Inc. ("Holt") in civil contempt for violating the discharge injunction resulting from the discharge of the debtor in his chapter 7 case and alternatively to reopen the debtor's bankruptcy case. For the following reasons, I will deny the *Motion* without prejudice.

I

The *Motion* asserts that Holt is attempting to collect its judgment against the deceased debtor, Allen Wilson, as an

unsecured claim against Jumar Wilson, as the personal representative of the decedent's estate.  Because the debtor obtained a discharge in this bankruptcy case, the *Motion* contends, Holt's unsecured claim has been discharged and is no longer enforceable by reason of the discharge injunction of 11 U.S.C. § 524(a)(3).  Accordingly, the *Motion* contends, Holt's efforts to collect its unsecured claim from the debtor's son, as personal representative of the debtor's estate, violate the discharge injunction, such that Holt should be held in civil contempt.  However, the *Motion* relies on only the conclusory allegation that Holt's claim is unsecured and attaches exhibits that show that the claim was secured by a lien on the debtor's real property.  To the extent that Holt is attempting to enforce a lien that attached to the debtor's real property (or to the proceeds of a sale of the real property), Holt has not acted in violation of the discharge injunction and no contempt has arisen.  The *Motion* fails to show otherwise.

                                II

Contrary to the conclusory allegation contained in the *Motion* that Holt held only an unsecured claim, the *Motion* and its attachments reveal that Holt held a lien against the debtor's real property.  In 2001, Holt recovered a judgment against the debtor in California (Case No. 2000098608) and in 2006, Holt domesticated that judgment in the Superior Court of the District

of Columbia, where it was docketed as Case No. 2006 CA 008134.

Under D.C. Code § 15-352:

> A copy of any foreign judgment authenticated in accordance with the laws of the District may be filed in the Office of the Clerk of the Superior Court ("Clerk"). A foreign judgment filed with the Clerk shall have the same effect and be subject to the same procedures, defenses, or proceedings for reopening, vacating, or staying as a judgment of the Superior Court and may be enforced or satisfied in the same manner.

D.C. Code § 15-102(a)(1) provides in relevant part:

> Each final judgment . . . for the payment of money rendered in . . . the Superior Court of the District of Columbia, from the date such judgment or decree is filed and recorded in the office of the Recorder of Deeds of the District of Columbia, . . . shall constitute a lien on all the freehold and leasehold estates, legal and equitable, of the defendants bound by such judgment . . . in any land, tenements, or hereditaments in the District of Columbia, whether the estates are in possession or are reversions or remainders, vested or contingent.

On March 13, 2015, Holt filed a proof of claim in this bankruptcy case, asserting that the judgment was a secured claim, having been "perfected at Recorder of Deeds." Claim 6-1, at 1. The proof of claim attached as an eight-page exhibit the judgment, as domesticated, and papers relating to that domestication, with a stamp of the Recorder of Deeds on the seventh page reflecting that the judgment and related papers were recorded with the Recorder of Deeds on November 7, 2006. *See id.* at 5-12.[1] The exhibit establishes that under D.C. Code § 15-102(a), Holt's judgment, having been recorded in the District of Columbia,

---

[1] The exhibit is attached to the *Motion* as Exhibit 7.

3

constituted a lien on the debtor's real property prior to the commencement of the debtor's bankruptcy case in 2014.

The *Motion* does not challenge the genuineness of this exhibit, which was attached to Holt's proof of claim in this bankruptcy case and was attached to the *Motion*. Moreover, another exhibit shows that judgment was recorded with the Recorder of Deeds. The proof of claim (Claim 6-1, at 13-15) attached a decision in an appeal pursued by the debtor, *Wilson v. Holt Graphic Arts, Inc.*, 981 A.2d 616 (D.C. 2009), which upheld the issuance of a writ of *fieri facias* to enforce the judgment. A copy of that decision was also attached to the *Motion* as Exhibit 5. D.C. Code § 15-311 provides in relevant part (emphasis added):

> A writ of fieri facias issued from . . . the Superior Court of the District of Columbia upon a judgment entered in such court may be levied on all legal leasehold and freehold estates of the debtor in land, **but only after such judgment has been filed and recorded in the office of the Recorder of Deeds of the District of Columbia**.

The District of Columbia Court of Appeal's decision upholding the issuance of a writ of *fieri facias* in regards to the decedent's outstanding debt to Holt thus confirms that Holt's judgment against the decedent was indeed recorded with the Recorder of Deeds of the District of Columbia and therefore constituted a lien on the debtor's real property.

4

III

In this bankruptcy case, the debtor claimed an exemption regarding his real property, which was his home.[2] He could have claimed his property as wholly exempt under D.C. Code § 15-501(a)(14), as he argued in his appeal. *See Wilson v. Holt Graphic Arts, Inc.*, 981 A.2d at 619 n.7. However, he instead erroneously claimed an exemption under "45-1869"[3] as to his home, asserting that the home was worth $255,000 and claiming an exemption in the amount of $255,000. No objections were raised as to the debtor's exemption with respect to his real property, and the exemption of $255,000 became effective. However, despite the debtor's exemption of his property, the property (including the $255,000 exempt amount), by reason of 11 U.S.C. § 522(c)(2), was still subject to the lien resulting from Holt's recording of its judgment against the debtor in the District of Columbia; the debtor never sought to avoid Holt's lien under 11 U.S.C. § 522(f) as impairing his exemption. Accordingly, despite the resolution of the debtor's bankruptcy case and the court's granting a discharge to the debtor, Holt's lien against the debtor's

---

[2] The debtor elected to take exemptions under 11 U.S.C. § 522(b)(3) (which means, for the most part, exemptions under non-bankruptcy law), even though the debtor additionally specified some property as exempt under provisions of 11 U.S.C. § 522(d), available only if the debtor had elected to take exemptions under 11 U.S.C. § 522(b)(2).

[3] It is unclear to what the debtor intended to refer when claiming this nonexistent exemption.

property remained in place.  The bankruptcy case was closed on March 6, 2015, with the trustee having made no distribution to creditors.  At that time, the debtor's real property revested in the debtor pursuant to 11 U.S.C. § 554(c).

When Jumar Wilson sold his father's property after his father's death, Holt's judgment lien on the debtor's property attached to the proceeds of the sale.  *See Phelps v. United States*, 421 U.S. 330, 334 (1975) (quoting *Sheppard v. Taylor*, 30 U.S. (5 Pet.) 675, 710 (1831) for the proposition that "[t]he lien reattaches to the thing and to whatever is substituted for it" and therefore a lien on a property attaches to proceeds of a sale of that property).  The *Motion* attaches exhibits showing that Jumar Wilson, as personal representative of his father's estate, sold the debtor's real property on January 13, 2017, without any proceeds of the sale being paid to Holt.[4]  *See, e.g.*, Dkt. No. 61, Ex. 8.  Net proceeds of $107,147.08 were paid to

---

[4] The decision in *Wilson v. Holt Graphic Arts, Inc.*, 981 A.2d at 617, indicates that Holt's judgment was "enforced through a writ of *fieri facias*, which resulted in the forced sale of Wilson's primary residence."  A footnote immediately following that statement indicated that the Superior Court directed that Holt's judgment "be paid with the proceeds of a judicial sale" of the debtor's home, and noted that "[i]t appears his property was ultimately levied, and that post-judgment interest was awarded with no opposition from Mr. Wilson."  However, as it appears that the debtor's property was later sold in another manner, for purposes of addressing the *Motion*, I will assume that no judicial sale was ever completed, or if one was completed, the judicial sale was set aside for some reason.

6

Jumar Wilson as personal representative of his father's estate. *See id.* at 3.

The *Motion* fails to establish that Holt is attempting anything other than to enforce its judgment lien against the proceeds of the sale of the debtor's property, and because such action does not violate the discharge injunction and the *Motion* does not allege any other actions taken by Holt in violation of the discharge injunction, the *Motion* fails to establish that Holt has violated the discharge injunction and is therefore subject to civil contempt.  I decline to reopen this case to allow Jumar Wilson, the personal representative of the debtor's estate, to pursue an issue of contempt that lacks demonstrated plausibility. Jumar Wilson is free to file a new motion to reopen this case, attaching or describing a proposed motion for contempt setting forth non-conclusory facts establishing that Holt is acting beyond enforcing a judgment lien and is enforcing Holt's claim as an unsecured claim.[5]

### IV

In accordance with the foregoing, it is

---

[5] Jumar Wilson ought to have first filed a motion to reopen the case, with a motion for contempt either attached as an exhibit to the motion to reopen or referenced within the motion to reopen as an impending motion.  It was procedurally improper for him to file a motion for contempt and alternatively to reopen the case.  He ought not have pursued a motion for contempt unless and until the debtor's bankruptcy case was first reopened.

ORDERED that the *Motion for Civil Contempt or in the Alternative Motion to Reopen Bankruptcy Case 14-00664* (Dkt. No. 61) is denied without prejudice.  It is further

ORDERED that because the *Motion* concerned an allegation of a violation of the discharge injunction, even if the allegation is, on the facts pled, without merit, no fee is due under item 11 of the Bankruptcy Court Miscellaneous Fee Schedule, and the Clerk shall not charge a fee for the filing of the *Motion*.

[Signed and dated above.]

Copies to: E-recipients of orders.